UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WATSON, as Next Friend of
JOHN WATSON, a Minor,

    Plaintiff,

v.                                                                                 Case No. 10-12319

DAVID ZIGILA, TRACEY ZIGILA,                     HON. AVERN COHN
WAL-MART STORES, INC., d/b/a
SAM's CLUB, and SPORTS STUFF, INC.,

    Defendants,

WAL-MART STORES, INC., d/b/a SAM's CLUB,

    Third Party Plaintiff,

v.

INTERSTATE FIRE AND CASUALTY COMPANY,

    Third-Party Defendant.

_____/

# MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
# AND
# REMANDING CASE TO WASHTENAW COUNTY CIRCUIT COURT

## I. Introduction

This is a personal injury case. As will be explained, it has some of its underpinnings in a bankruptcy case and an insurance coverage dispute. Plaintiff David Watson (Watson), as next friend of John Watson, a minor, is suing defendants David and Tracey Zigila, Wal-Mart Stores, Inc. D/b/a Sam's Club (Wal-Mart), and Sports Stuff, Inc. (Sports Stuff). Watson asserts negligence and products liability claims arising out

of a tragic accident in which John Watson was severely injured while playing on a water trampoline on the Zigila's property. Sports Stuff manufactured the trampoline; Wal-Mart sold it. Sports Stuff eventually filed for Chapter 11 in the District of Nebraska. After proceedings in bankruptcy court, including an order permitting the lifting of the automatic stay so Watson could pursue this case, Watson filed a complaint in state court. Wal-Mart removed the case to federal court essentially as a proceeding related to a bankruptcy case.

After removal, Wal-Mart filed a Third Party Complaint against Interstate Fire and Casualty Company (IFCC) claiming that IFCC is responsible for providing coverage for Wal-Mart's alleged liability based on an excess insurance policy between Sports Stuff and IFCC.

Before the Court is Watson's Motion to Remand.[1] For the reasons that follow, the motion will be granted and the case will be remanded to the Washtenaw County Circuit Court.

## II. Background

On August 4, 2006, John Watson was severally injured while playing on a water trampoline. In 2006, Watson sued the Zigila's in state court (Washtenaw County Circuit Court) claiming negligence, premises liability, and attractive nuisance.

---

[1] Also before the Court is Wal-Mart's Emergency Motion for Injunctive Relief which is fully briefed. The Court, at Wal-Mart's request, originally scheduled this motion for hearing with the motion to remand. However, Wal-Mart subsequently indicated that it wanted to adjourn the hearing on its motion. Also before the Court is IFCC's Motion to Dismiss on the grounds that the Court lacks subject matter jurisdiction over Wal-Mart's Third Party Complaint. Given the Court's ruling, these motions will be addressed in state court.

On August 29, 2007, Watson filed a First Amended Complaint adding claims against Sports Stuff and Wal-Mart, including breach of warranty, defective design, and negligence.

On December 31, 2007, Sports Stuff filed for bankruptcy in the District of Nebraska. At that point, all proceedings in state court were automatically stayed.

On January 31, 2008, Sports Stuff filed an Adversary Complaint seeking injunctive and declaratory relief to stay numerous lawsuits and claims made against it, it's insureds, co-insured and indemnitees in the bankruptcy court.

On April 28, 2008, the bankruptcy court entered a preliminary injunction enjoining the continuation or commencement of tort litigation against Sports Stuff, its vendors and insurers.

In March of 2009, Sports Stuff reached a settlement with each of its insurers involving products liability and personal injury claims. As a part of the settlement proposal, the insurers agreed to tender to the Bankruptcy Estate the remainder of their insurance policy limits in exchange for an injunction barring any party including the debtor, personal injury claimants and vendors from pursing the insurers from any claim related to Sports Stuff, Inc. policies of insurance.

The settlement did not involve the excess IFCC policy.

The vendors, including Wal-Mart, objected to the settlement on the grounds that it violated the insurers separate contractual duties to defend and indemnify the vendors as additional insured's under the insurance policies, deprive them of their State Law right to challenge an insurer's conduct and that the settlement was a breach of the insurers obligation of good faith and fair dealing.

The bankruptcy court heard motions to approve the settlements and objections on May 28, 2009, following which it entered an Order, Memorandum and Opinion overruling objections and approving the settlement.

The vendors, including Wal-Mart, appealed to the United States Bankruptcy Appellate Panel for the Eighth Circuit who reversed the bankruptcy court.

On March 7, 2010, Watson filed a motion for limited relief from the automatic stay, requesting that the bankruptcy court allow Watson to pursue in state court the umbrella insurance policy of IFCC which is not a part of the Bankruptcy Estate.

IFCC filed an objection to Watson's request. Wal-Mart did not file an objection to the motion.

The Official Committee of Unsecured Creditors of Sports Stuff, Inc. withdrew it's objection to the motion.

On May 14, 2010, the bankruptcy court granted Watson's motion by lifting the stay of proceedings to allow Watson to pursue the IFCC excess policy of insurance in state court.

On June 11, 2010, Wal-Mart removed the case to federal court essentially on the grounds that it is "related to" a Chapter 11 bankruptcy case.

On June 25, 2010, Watson filed a motion to remand.

On August 10, 2010, Wal-Mart filed a Third Party Complaint against IFCC.

On August 6, 2010, Wal-Mart filed an Emergency Motion for Injunctive Relief, essentially seeking a ruling that IFCC is to provide Wal-Mart with coverage for Watson's claims.

On August 25, 2010, IFCC filed a motion to dismiss the Third Party Complaint

under Fed. R. Civ. P. 12(b)(1) on the grounds that Wal-Mart's remedy, if any, lies in the bankruptcy court in Nebraska, not here.

III. Analysis

A. Jurisdiction

In its notice of removal, Wal-Mart says the Court has original jurisdiction under 28 U.S.C. §§ 1334, and as "related to" a Chapter 11 case, citing 28 U.S.C. § 1452 and Fed. Bankr. R. 9027. 28 U.S.C. § 1452 states in part:

> (a) A party may remove any claim or cause of action in a civil action ... to the district court for the district where the such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. §§ 1452(a) and (b).

Fed. Bankr. R. 9027, states in pertinent part:

(a) Notice of Removal.
(1) Where filed; Form and Content. A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plaint statement of the facts which entitle the part filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge, and be accompanied by a copy of all process and pleadings.
\* \* \* \* \* \*
(2) Time for Filing; Civil Action Initiated Before Commencement of Case Under Code. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only with the longest of (A) 90 days after the order for relief in the case under the Code; (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a

civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

28 U.S.C. § 1334 governs federal district court jurisdiction over bankruptcy cases. See In re Wolverine Radio Co., 930 F.2d 1132, 1141 (6th Cir.1991). Section 1334(a) provides that district courts "shall have original and exclusive jurisdiction of all cases under title 11." A case arising "under title 11" is the case begun by the "filing of a bankruptcy petition pursuant to 11 U.S.C. §§ 301, 302, or 303." Robinson v. Michigan Consol. Gas Co. Inc., 918 F.2d 579, 583 (6th Cir. 1990). This case does not arise under Title 11 because the case was initiated in the state court before Sports Stuff filed for bankruptcy. Rather, the associated case arising "under title 11" is the underlying bankruptcy case filed originally with in the bankruptcy court in the District of Nebraska. Because this case is not a case "under title 11," the Court lacks jurisdiction under 28 U.S.C. § 1334(a).

Having determined that jurisdiction does not exist under § 1334(a), it must arise, if at all, under § 1334(b). The Court has jurisdiction under § 1334(b) only if the instant proceeding (1) "arises under title 11," (2) is a proceeding "arising in" a case under title 11, or (3) is a proceeding "related to" a case under Title 11. Wolverine, 930 F.2d at 1141. A proceeding arising under or arising in a case under Title 11 is a "core proceeding." A proceeding not arising under or in a case under Title 11, but that is "related to" a case under Title 11 is a "non-core proceeding.[2]

---

[2]"[T]here is no such thing as a core matter which is "related to" a case under title 11. Core proceedings are, at most, those which arise in title 11 cases or arise under title 11." 15 Collier on Bankruptcy § 3.01(2)(b)(ii), at 3-40 (15th ed.1996).

6

Here, Wal-Mart says that this case is "related to" Sports Stuff's bankruptcy case. A proceeding is related to a bankruptcy if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re G.T.L Corporation, 211 B.R. 241, 245 (quoting Pacor, Inc. V. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)). Further, related proceedings involve "matters that are traditionally state law actions, not made subject to a federal rule of decision, but that are related, though only peripherally, to a pending bankruptcy case." In re Hudson Oil, 68 B.R. 735, at 739. Generally, "related matters are those non-core proceedings 'that, in the absence of bankruptcy, could have been brought in a district court or state court.' " Id. at 741 (citation omitted).

Wal-Mart says that this case is related to the bankruptcy case because in the event a judgment is entered against Wal-Mart in this case, any amount awarded may not be covered by insurance policies will become a claim in the bankruptcy estate. Wal-Mart also says that it has an indemnification claim against Sports Stuff and its insurance carrier that will impact the bankruptcy estate. See Notice of Removal (Doc. No. 1) at p. 6.

While is it uncertain whether Watson will recover on his claims against any of the defendants, including Wal-Mart, it is at least probable that pursuing these claims could conceivably effect the administration of the bankruptcy estate. The effect on the estate need not be certain. See Robinson., 918 F.2d at 583. Applying the standard above, the Court is constrained to conclude that this case is "related to" the underlying bankruptcy

case. Thus, the Court has jurisdiction under 28 U.S.C. § 1334(b), if only by a slender reed.

B. Mandatory Abstention

Watson first asks the Court to abstain from hearing this proceeding and remand it to state court on the basis that abstention is mandatory given the nature and procedural history of this case. Mandatory abstention in bankruptcy proceedings is governed by 28 U.S.C. § 1334(c)(2), which provides in full:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction

28 U.S.C. § 1334(c)(2). Abstention under the above section is only mandatory if the following five criteria are satisfied: (1) timely motion; (2) state law claim; (3) the basis for removal is "related to" jurisdiction; (4) the state action could not have been commenced in the district court absent 28 U.S.C. § 1334; and (5) the action is commenced and can be adjudicated in a timely manner in the state court. <u>Dunkirk Ltd. Partnership v. TJX Companies, Inc.</u>, 139 B.R. 643, 645 (N.D. Ohio 1992).

Applying these factors to the instant case militate in favor of abstaining and remanding the case. First, Watson timely filed a motion to remand. Second, Watson's claims are purely based on state law. Third, as discussed above, the only basis for removal is "related to" jurisdiction; this is not a "core" proceeding. Fourth, there is no basis for federal jurisdiction absent the filing of the bankruptcy petition under 11 U.S.C. § 303. As related, this case could not have been filed in district court as there is no

diversity of citizenship between all of the parties (Watson and the Zigilas are Michigan citizens), nor is there a federal question presented. Fifth, this case was commenced in state court and can be adjudicated there in a timely manner. Indeed, the bankruptcy court specifically lifted the automatic stay so Watson could pursue this case.

### C. Permissive Abstention

Even assuming mandatory abstention did not apply, Watson also argues that the case should be remanded under 28 U.S.C. § 1334(c)(1) which allows for permissive abstention. Section 1334(c)(1) provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

A court is to consider a number of factors in determining whether permissive abstention under § 1334(c)(1) is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
>
> (2) the extent to which state law issues predominate over bankruptcy issues:
>
> (3) the difficulty or unsettled nature of the applicable law;
>
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;
>
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
>
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
>
> (7) the substance rather than the form of an asserted core proceeding;
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

<u>Delphi Automotive Systems, LLC v. Segway, Inc.</u>, 519 F. Supp. 2d 662, 670-71 (E.D. Mich. 2007). This is a multi-factor balancing test, not a rule in which every element must be satisfied; not all factors need to weigh in favor of permissive abstention in order for it to be appropriate. Moreover, equitable remand in bankruptcy cases is governed by 28 U.S.C. § 1452(b), which provides, in relevant part, simply that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Grounds for equitable remand under this provision have been held to include the following:

(1) duplicative and uneconomical use of judicial resources in two forums;

(2) prejudice to the involuntarily removed parties;

(3) forum non conveniens;

(4) the state court's ability to handle a suit involving questions of state law;

(5) comity considerations;

(6) lessened possibility of an inconsistent result; and

(7) the expertise of the court in which the matter was originally pending.

<u>Mann v. Waste Management of Ohio, Inc.</u>, 253 B.R. 211, 214-15 (N.D. Ohio 2000). While these grounds do not align perfectly with those for permissive abstention, "[t]he analysis under § 1334(c)(1) is largely the same as under § 1452(b)." <u>In re National</u>

Century Fin. Enters., Inc. Inv. Litig., 323 F. Supp. 2d 861, 885 (S.D. Ohio 2004); see also Mann at 215 ("Permissive abstention under § 1334(c)(1) and equitable remand under § 1452(b) are essentially identical.").

Here, state law issues predominate over any potential bankruptcy issues, as the Court has already explained as part of its mandatory abstention analysis. Likewise, the Court has already found that there is no jurisdictional basis for this Court to hear these causes of action apart from 11 U.S.C. § 1334. This is a non-core proceeding.

In addition, more factors, absent from the mandatory abstention analysis, weigh in favor of permissive abstention. Severing the state law claims from the core bankruptcy matters raised here is feasible, as this case involves state law issues and the core functions of the bankruptcy court need not be invoked in these proceedings until a final order is reached in the state court action, a point Wal-Mart does not contest. Moreover, the bankruptcy court held that Watson could pursue this case in state court. The creditor's committee did not object to lifting the stay for this purpose. Furthermore, non-debtor parties are present in this case. Finally, there is no indication that Watson is forum shopping. Although Watson says Wal-Mart has engaged in forum shopping in removing the case, the Court need not consider this argument in light of the fact that other factors point in favor of a remand.

IV. Conclusion

For the reasons stated above, Watson's motion to remand is GRANTED. This case is REMANDED to the Washtenaw County Circuit Court.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: September 13, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 13, 2010, by electronic and/or ordinary mail.

        S/Shawntel Jackson
        Relief Case Manager, (313) 234-5160